898 F.2d 147
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services;
Office of Child Support, U.S. Department of Health and Human
Services; Departmental Grant Appeals Board, Department of
Health and Human Services, Defendants-Appellees.
 No. 89-2758.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 10, 1990.
Decided: March 5, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CA-88-326-3-16).
 James Emory Smith, Jr., South Carolina Attorney General's Office, Columbia, S.C., for appellant.
 Robert David Kamenshine, Civil Division, United States Department of Justice, Washington, D.C., for appellees. On Brief: Joseph D. Shine, South Carolina Attorney General's Office, Columbia, S.C., N. Bruce Holland, South Carolina Department of Social Services, Columbia, S.C., for appellant.
 Stuart M. Schiffer, Acting Assistant Attorney General, William Kanter, Civil Division, United States Department of Justice, Washington, D.C.; E. Bart Daniel, United States Attorney, Columbia, S.C., for appellees.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The South Carolina Department of Social Services appeals from the district court's grant of summary judgment in favor of the Secretary of Health and Human Services. The Department of Social Services contends that the district court erred in approving the Secretary's promulgation and enforcement of 45 C.F.R. Sec. 304.50(b) which it contends is inconsistent with the terms of Title IV-D of the Social Security Act, 42 U.S.C. Sec. 655(a), and of the Intergovernmental Cooperation Act, 31 U.S.C. Sec. 6503. The Department also maintains that even if 45 C.F.R. Sec. 304.50(b) is consistent with the statutes, it should not be applied retroactively to deny the Department interest accumulated during the period from October 1, 1981, through September 19, 1984.
 
 
 2
 We recognize that the district court applied an incorrect standard of review to the Secretary's interpretation of 42 U.S.C. Sec. 655(a). The Secretary's interpretation, as manifested in the regulation he has promulgated, must stand as long as it is reasonable. See Chevron U.S.A., Inc. v. NRDC, 467 U.S. 837, 844 (1984).
 
 
 3
 Otherwise, we find no error in the district court's analysis. We agree that 45 C.F.R. Sec. 304.50(b) is a reasonable interpretation of 42 U.S.C. Sec. 655(a), that it does not constitute a retroactive application of the statute, and that it is consistent with the Intergovernmental Cooperation Act. We therefore affirm the judgment for the reasons stated in the opinion of the district court.
 
 
 4
 AFFIRMED.